UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| HERMAN JIMMERSON, III | 17-13-JWD-RLB |

**ORDER**

This matter is before the Court on the Defendant's motion for compassionate release (R. Doc. 766) filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The plaintiff supplemented his request on or about April 19, 2021. *See* R. Doc. 789. The Government opposes this motion. *See* R. Docs. 774 and 823. For the following reasons, the motion is denied.

**Background**

Defendant is currently incarcerated at FCI Yazoo City Medium following his guilty pleas to conspiracy to distribute and possess with intent to distribute heroin ad unlawful use of a communications facility. His projected release date is July 17, 2027. The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that due to COVID-19 he needs to be released in order to care for his children and his mother.

**Law and Analysis**

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or

by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Defendant moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions.  In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies. After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3852(c)(1)(A)(i).

### Extraordinary and Compelling Reasons

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1) extraordinary and compelling reasons warrant the reduction; ...

>   (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>   (3) the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

>   1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>   (A) Medical Condition of the Defendant.—
>       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
>       (ii) The defendant is—
>           (I) suffering from a serious physical or medical condition,
>           (II) suffering from a serious functional or cognitive impairment, or
>
>   (B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>       (B) Age of the Defendant.—The defendant
>           (i) is at least 65 years old;
>           (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>   (C) Family Circumstances.—
>       (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>       (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>   (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

> compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

In *United States v. Shkambi*, 993 F.3d 38, (5th Cir. 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended §3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 993 F.3d at 393.

*Shkambi* does not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A).  As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to ...§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).  And other circuits are in accord. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused.  In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  The only "extraordinary and compelling reason" that would apply in this case is "(C) Family Circumstances."

### Family Circumstances

In his request, Defendant alleges that he has three children, one of which who is medically fragile due to a heart condition.  Due to the COVID-19 pandemic, the Defendant's wife is juggling medical care for one child, virtual school for all of her children, and two jobs.  Defendant also asserts that he was the primary caregiver for his mother who suffers from hypertension, Stage 3 kidney disease, obesity, and diabetes mellitus.  Since his incarceration the Defendant's mother's medical conditions have not been properly monitored since Defendant's wife is also struggling to manage her own home and work.   Title 18, United States Code, Section 3582(c)(1)(A) provides that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission."  However, Defendant's allegations are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary.

Defendant does not assert that the primary caregiver of children, their mother, has died or is incapacitated.  The BOP Program Statement explains that [t]he criteria for a [reduction in sentence ("RIS")] request may include the death or incapacitation of the family member caregiver of an inmate's child, e.g., RIS requests from inmates whose biological or legally adopted child or children ("child") are suddenly without a family member caregiver due to that

---

[1] *See United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.")

caregiver's death or incapacitation. For these requests, "child" means a person under the age of 18 and "incapacitation" means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child. Federal Bureau of Prisons Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, § 5 (Jan. 17, 2019). *See also United States v. Coote*, No. 2:16-cr-46-FtM-38MRM, 2020 WL 6161486, at *1 (M.D. Fla. Oct. 21, 2020) (relying in part on the BOP Program Statement's definition of "incapacitated" (citing *United States v. Jordan*, No. 3:16-cr-92-J-39PDB, 2020 WL 1640097, at *2 (M.D. Fla. April 2, 2020) ("A BOP Program Statement ... is entitled to at least 'some deference,' ... as long as it is a permissible construction of the statute."))).

While the Defendant alleges that his wife is juggling several responsibilities, she is not incapacitated as defined above. As such, there is no extraordinary and compelling reason supporting compassionate release.

## Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion (R. Doc. 766) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 23. 2021.

                                        **JUDGE JOHN W. deGRAVELLES**
                                        **UNITED STATES DISTRICT COURT**
                                        **MIDDLE DISTRICT OF LOUISIANA**